IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| KIRBY GARDNER, #1003719 § | |
| § | |
| V. § | CIVIL ACTION NO. G-05-248 |
| § | |
| DOUG DRETKE, DIRECTOR, § | |
| TEXAS DEPARTMENT OF CRIMINAL § | |
| JUSTICE, CORRECTIONS § | |
| INSTITUTIONS DIVISION § | |

## ORDER OF DISMISSAL

   Before the Court for its Order of Acceptance is a Report and Recommendation of the Magistrate Judge, entered on May 24, 2005, which recommends that the Application for Writ of Habeas Corpus of Kirby Gardner be dismissed with prejudice. Petitioner has filed objections to the Report and Recommendation, asserting that after he filed his Step One appeal to the disciplinary committee finding, his case was overturned and retried, resulting in more severe punishment than that assessed after the initial hearing.  Petitioner alleges that the imposition of stronger punishment constitutes retaliation for his use of the appeal process. The response to Petitioner's Step One appeal of the new disciplinary finding states, however, that the original disciplinary finding was overturned because the case was originally graded a major case and was erroneously typed and heard as a minor case.  The case was overturned and then heard "appropriately" as a major case for the first time and punishment appropriate for a major case was assessed.  As such, there appears to be no basis for a claim of retaliation.  In order to successfully plead a claim of retaliation, an inmate must allege the violation of a specific constitutional right and establish, through direct evidence or a plausible chronology of events, that but for the retaliatory motive, the complained of incident would not have

1

occurred. *Woods v. Smith*, 60 F.3d 1161 (5th Cir. 1995), *cert. denied*, 134 L.Ed.2d 791 (1996). Having failed to plead the violation of a constitutional right, Petitioner has failed to state a cognizable claim of retaliation and his objections are without merit.

Having given this matter *de novo* review as required by 28 U.S.C. §636 (b)(1)(C), this Court finds that the Report and Recommendation of the Magistrate Judge is a well reasoned and correct application of applicable law and it is, hereby, **ACCEPTED** in its entirety and incorporated by reference herein.

It is **ORDERED** that the Application for Writ of Habeas Corpus of Kirby Gardner is **DISMISSED** with prejudice.

**DONE** at Galveston, Texas, this the 6th day of July, 2005.

Samuel B. Kent
United States District Judge